## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## The VISADOR CO., Respondent.
## No. 11255.

United States Court of Appeals
Fourth Circuit.

Argued Nov. 10, 1967.

Decided Dec. 6, 1967.

Joseph A. Yablonski, Atty., N. L. R. B. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Elliott Moore, Atty., N. L. R. B., on the brief), for petitioner.

Homer L. Deakins, Jr., Greenville, S. C. (Thompson, Ogletree & Haynsworth, Greenville, S. C., and Addington & McGraw, Jasper, Tex., on the brief), for respondent.

Before SOBELOFF, BOREMAN and BRYAN, Circuit Judges.

### PER CURIAM:

This case is a repetitious sequel to an earlier enforcement proceeding in this court, Visador Co. v. NLRB, 386 F.2d 276 (4th Cir. 1967). In that decision, this court enforced the Board's order to reinstate employee James Williams, who had been discriminatorily discharged in violation of § 8(a) (3) of the Labor Act.

Williams has now been fired again, under circumstances which the Board also finds violated § 8(a) (3). Prior to the announcement of the court's earlier decision but subsequent to the Board's order, the Company voluntarily complied and rehired Williams when the organizational crisis had ended. One month later, on the day after he was seen in the company of a union organizer, Williams was dismissed, allegedly for putting an excess number of wood arcs into a bag.

Viewing the record as a whole, we are satisfied that substantial evidence supports the Board's order, and we therefore enforce it. The stated reason for Williams' discharge is clearly pretextuous as evidenced by a published company rule which makes "carelessness or neglect resulting in excessive scrap or abuse of equipment, tools or material" punishable upon a first offense only by an oral reprimand. The Company's anti-union activity, found unlawful in the first *Visador* case, its knowledge of Williams' pro-union sympathies and its supervisor's observation of Williams with a known

union official on the day before the firing strongly support the inference that Williams was discharged for anti-union, not economic, reasons.

Enforced.